UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

```
_____
                                   )
OHI ASSET (CT) LENDER, LLC,        )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )
                                   )
ALLAN M. SHINE, in his capacity as )   C.A. 10-320
Trustee under the Trust Deed of the)   (consolidated)
Woodland Sewage System Trust, and  )
in his Individual Capacity, and    )
EVERGREEN ESTATES MANAGING         )
CORPORATION,                       )
                                   )
        Defendants.                )
_____)
                                   )
                                   )
OHI ASSET (CT) LENDER, LLC,        )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )   C.A. 09-219
                                   )
WOODLAND MANOR IMPROVEMENT         )
ASSOCIATION, by and through        )
ALLAN M. SHINE, in his capacity as )
Court-appointed Trustee, and       )
ALLAN M. SHINE, in his capacity as )
Trustee under that certain Trust Deed)
dated as of January 24, 2006,      )
                                   )
        Defendants.                )
_____)
```

**OMNIBUS ORDER**

The management of this case has gotten out of hand, in large part because counsel have been unable or unwilling to work out various disputes and have resorted to aggressive

motion practice instead.  The following motions and matters

are currently pending before the Court:

1. OHI's Motion for a Protective Order (Dkt. # 75 in 09-219).[1]

2. OHI's Motion for Summary Judgment (Dkt. # 78 in 09-219).

3. Evergreen's Motion for Extension of Time to Complete Discovery (Dkt. # 103 in 09-219).

4. Shine's Motion for Leave to File an Amended Answer to Complaint (Dkt. # 104 in 09-219, Dkt. # 27 in 10-320).

5. Shine's Motion to Strike Plaintiff's Supplemental Memorandum or for Leave to File Supplemental Response (Dkt. # 105 in 09-219, Dkt. # 28 in 10-320).

6. OHI's Motion to Strike Shine's Response Papers to Motion for Summary Judgment (Dkt. # 111 in 09-219, Dkt. # 34 in 10-320).

7. OHI's Motion to Strike Evergreen's Response Papers to Motion for Summary Judgment (Dkt. # 115 in 09-219, Dkt. # 35 in 10-320).

8. Shine's Motion for Leave to File Out of Time (Dkt. # 116 in 09-219, Dkt. # 36 in 10-320).

9. Shine's Appeal of Magistrate Judge's Order Denying Motion for Extension (Dkt. # 118 in 09-219, Dkt. # 38 in 10-320).

10. Evergreen's Motion for Leave to File Out of Time (Dkt. # 123 in 09-219).

---

[1] Throughout this order, Plaintiff will be referred to as "OHI" and Defendants respectively as "Shine" and "Evergreen."  OHI has argued that Shine operates in two different trustee capacities, a characterization which Shine disputes.  The issue is immaterial for the purposes of this order.

11. Evergreen's Appeal of Magistrate Judge's Order Denying Motion for Extension (Dkt. # 126 in 09-219).

12. OHI's Motion to Compel Responses to Discovery (Dkt. # 120 in 09-219, Dkt. # 40 in 10-320).

13. OHI's Motion for Protective Order (Dkt. # 137 in 09-219, Dkt. # 53 in 10-320).

I. MISCELLANEOUS MOTIONS

<u>OHI's Motion for a Protective Order (Dkt. # 75 in 09-219)</u>: By this motion OHI sought an order requiring that the deposition of its Rule 30(b)(6) representative be taken at its principal place of business in Maryland or, if it is to be taken in Rhode Island, that the costs be borne by Shine. The parties have apparently resolved this issue, as Shine has represented that the deposition is currently scheduled by agreement. (<u>See</u> Shine's Memo. in Support of Appeal of M.J.'s Order, Dkt # 118-2, at 7.) Accordingly, this motion is denied as moot.

<u>Evergreen's Motion for Extension of Time to Complete Discovery (Dkt. # 103 in 09-219)</u>: There have been no oppositions or other filings in connection with this motion, and the time for filing an opposition has passed. Accordingly, this motion is granted as unopposed.

<u>Shine's Motion for Leave to File an Amended Answer to Complaint (Dkt. # 104 in 09-219, Dkt. # 27 in 10-320)</u>:

3

There have been no oppositions or other filings in connection with this motion, and the time for filing an opposition has passed. Accordingly, this motion is granted as unopposed.

<u>Shine's Motion to Strike Plaintiff's Supplemental Memorandum or for Leave to File Supplemental Response (Dkt. # 105 in 09-219, Dkt. # 28 in 10-320)</u>: This motion has been rendered moot by this Court's order of March 16, 2011 denying Shine's appeal of Magistrate Judge Martin's order granting OHI's motion to amend complaint (Dkt. # 121 in 09-219). Accordingly, this motion is denied as moot.

II. RESPONSES TO OHI'S SUMMARY JUDGMENT MOTION

The major procedural dispute between the parties, comprising nos. 6-11 in the list above, concerns whether the Defendants' responses to OHI's motion for summary judgment should be considered by the Court or whether the motion should be deemed unopposed. To understand the controversy, it is helpful to briefly recount the pertinent history.

On January 3, 2011, this Court convened a conference with the parties in chambers in the hopes of sifting through the mess of motions created by the parties' failure to amicably resolve procedural matters. At that time, the Court had pending before it at least the following matters:

OHI's Motion for Summary Judgment; OHI's motion to consolidate; Shine's emergency motion for an extension of time to complete discovery; OHI's motion to set deadline to appoint new counsel; OHI's motion for protective order; Shine's Appeal of the Magistrate Judge's Order Granting OHI's Motion to Amend Complaint.

After a long session, the Court and the parties found a way out of the morass: The motion to consolidate was to be granted; the parties were to prepare a consented-to order setting forth deadlines for the appointment of counsel and other discovery and summary judgment submissions; the Court was to decide, on the papers, Shine's appeal of Magistrate Judge Martin's order granting the motion to amend; and the motion for summary judgment, the only truly substantive matter before the Court, was to be decided when it became ripe. The parties also discussed their anticipated timetable. Initially, counsel for OHI indicated that Defendants should be given four weeks to respond to OHI's motion for summary judgment, but counsel for Defendants said that period was too short. After some discussion, the Court and the parties agreed that six weeks would be an appropriate time frame. Accordingly, the order prepared by the parties provided that "Defendant's response to Plaintiff OHI's Motion for Summary Judgment shall be

5

filed not later than six weeks from the date of entry of this Order" (Order, Dkt. # 86 in 09-219, ¶ 3)--that is, by February 25, 2011.

As for Shine's appeal of Magistrate Judge Martin's order granting OHI's motion to amend, the Court did not set a specific date for its decision on the papers, but stated that it will be handed down soon. At that time, the Court believed that it would issue the decision in a matter of weeks, if not earlier. It is the Court's impression that the parties thought the same. As it turned out, however, the Court was not able to issue a decision until March 16, 2011. This was due to the heavy workload of the Court, as well as to the convoluted procedural posture of this case and its interplay with an action captioned <u>Mary Gentili v. Woodland Manor Improvement Association</u>, C.A. No. KM 2006-0058 (the "Trusteeship Action"), pending in Rhode Island Superior Court, Kent County. This Court, which had inherited this action from Judge Lisi and had had no substantive engagement with it at the time, did not appreciate these difficulties until after it delved into the parties' submissions in connection with Shine's appeal of the granting of the motion to amend.

In any event, Shine and Evergreen moved on February 8 and 11, respectively, to extend the deadline to respond to

6

OHI's summary judgment motion until March 21. On March 7, Magistrate Judge Martin issued an order denying the motions. Within a week thereafter, Shine and Evergreen separately filed their response papers to OHI's summary judgment motion. OHI promptly moved to strike these responses as untimely. Shine and Evergreen then moved to file their response papers out of time, and also appealed Magistrate Judge Martin's denial of their motions to extend. OHI opposed Defendants' motions and appeals. The decisive question raised by all these disputes, nos. 6-11 in the list above, is whether the Court should consider Defendants' response papers to OHI's summary judgment motion or whether it should deem the motion unopposed. Because they raise the same issues, the Court will consider these pending matters together.

The question of whether to allow for the consideration of Defendants' untimely response papers is governed by Rule 6 of the Federal Rules of Civil Procedure. The Rule provides, in pertinent part: "When an act may or must be done within a specified time, the court may, for good cause, extend the time (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act

7

because of excusable neglect." Fed. R. Civ. P. 6(b)(1).[2] Under Rule 6(b), "[t]he district court is afforded great leeway in granting or refusing enlargements . . ., and its decisions are reviewable only for abuse of that discretion." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 583 (1st Cir. 1994) (citing Mendez v. Banco Popular de Puerto Rico, 900 F.2d 4, 5-6 (1st Cir. 1990)); see also 4B Charles Alan Wright & Arthur P. Miller, Federal Practice and Procedure § 1165 ("the rule gives the court extensive flexibility to modify the fixed time periods found throughout the rules, whether the enlargement is sought before or after the actual termination of the allotted time").

Defendants offer several reasons for their request to extend the February 25 deadline. First, they argue that new counsel did not enter its appearance until January 25, a mere month before the deadline, and did not have

---

[2] OHI contends that the a clear error standard governs this Court's review of the Magistrate Judge's order denying Defendants' motions to extend, and that considering Defendants' motion to file out of time de novo would be a backdoor to circumvent this deferential standard of review. Defendants counter that the Court should first consider their motions to file out of time, which, if granted, would render the appeal of the Magistrate Judge's order moot. The Court need not enter into a discussion of which pending appeal or motion it should consider first, because the result would be the same in either event. (See infra note 5 and accompanying text.)

8

sufficient time to complete the needed discovery. Second, they say that matters currently pending before the Superior Court in the Trusteeship Action "would affect the Plaintiff's [summary judgment] Motion by creating an expanded record upon which the Defendant could base his Objection." (Memo. in Support of Shine's Appeal of Order Denying Mot. to Extend, Dkt. # 118-2 in 09-219, at 5.) Third, Defendants argue that OHI's delay tactics in scheduling its Rule 30(b)(6) deposition justify the extension. Finally, Defendants argue that they were waiting on this Court's decision on Shine's appeal of the Magistrate Judge's order granting OHI's motion to amend, which was not issued until March 16, because that decision would determine the scope of OHI's complaint and, consequently, of its summary judgment motion.

Defendants' first proffered reason has no merit. They knew at the time of the January 3 conference that they would need new counsel and additional discovery, and asked for a six-week rather than a four-week response time because of it. They got what they asked for, and will not be heard of now to complain that was not enough. The second reason is also unconvincing. Shine concedes that the issues currently pending before the Superior Court are pending there because Shine himself requested that the

9

Superior Court clarify some of its previous orders. (Memo. in Support of Shine's Appeal of Order Denying Mot. to Extend, Dkt. # 118-2 in 09-219, at 5.) Even assuming that the Superior Court's ruling on these issues may have some bearing on the issues before this Court on summary judgment, the issues were put before the Superior Court by Defendants' own initiative, and should have been taken into account by Defendants in agreeing to the February 25 deadline.

Defendants' third proffered justification--that the delay in scheduling OHI's Rule 30(b)(6) deposition justifies their filing out of time--does not fare any better. In rejecting this request, the Magistrate Judge noted that it neither complies with the requirements of Rule 56(d) of the Federal Rules of Civil Procedure[3] nor qualifies as an "adequate substitute" to these requirements under applicable First Circuit precedent. (Order, Dkt. # 107 in 09-219, at 10-12.) The Magistrate Judge noted that Defendants have not demonstrated the relevance of the 30(b)(6) deposition to the summary judgment motion, which,

---

[3] Rule 56(d) provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

according to OHI, only involves the construction of a few legal documents. (Id.) Defendants do not directly challenge these findings, but simply proclaim--without citing any authorities--that "[t]his is not a case . . . of the type contemplated by Rule 56(d)." (Mem. in Support of Shine's Appeal of Magistrate Judge's Order, Dkt. # 118-2 in 09-219, at 7.) This bald assertion does not undermine the correctness of the Magistrate Judge's findings. Moreover, Defendants' claim that the 30(b)(6) deposition is relevant to the summary judgment motion is belied by their continued failure to demonstrate its relevance and by the fact that they have now filed their response papers even though the deposition has not taken place and apparently will not take place until May 5. (See Shine's Reply, Dkt. # 135 in 09-219, at 4 n.2.) For these reasons, the Court agrees with the Magistrate Judge that the delay in scheduling OHI's 30(b)(6) deposition does not constitute sufficient reason for extending the summary judgment deadline.

With respect to Defendants' fourth proffered reason, however, the Court is unable to concur with the Magistrate Judge. As previously noted, at the January 3 conference the Court led the parties to believe that it will quickly decide Shine's appeal of Magistrate Judge Martin's order granting OHI's motion to amend complaint. Recalling the

proceedings of the January 3 conference, the Court finds that this implied promise on the part of the Court was a material consideration underpinning the parties' agreement to set the summary judgment response deadline at February 25. This is understandable, given that the scope of the summary judgment motion would depend on the scope of the amended complaint, one count of which would have been thrown out if the Court were to reverse the Magistrate Judge's order. Unfortunately, as it turned out, the Court was not able to issue a decision on the appeal until March 16. (See supra at 5-6.) The Court accepts responsibility for this delay, and finds that it constitutes "good cause" under Rule 6(b) for extending Defendants' deadline to file their response papers. The Magistrate Judge's finding to the contrary was clearly erroneous.[4] For the same reasons, Defendants' failure to file in time constitutes "excusable

---

[4] While clearly erroneous, the Magistrate Judge's finding on this score was eminently justified and understandable. After all, the Magistrate Judge was not present at the January 3 conference and could not have known that the Court had assured the parties that it would issue a decision quickly and that this assurance had a material effect on the parties' agreement to set the summary judgment response period at six weeks. Moreover, understandably, the Magistrate Judge was loath to blame this Court for the delay, commenting only that "this is an anomalous situation." (Order, Dkt. # 107 in 09-219, at 5.) This Court need not be as diplomatic in admitting its own fault.

12

neglect" under Rule 6(b)(1)(B). See Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 388 (1993) (holding that in promulgating an "excusable neglect" standard in Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, which "was patterned after Rule 6(b)" of the Federal Rules of Civil Procedure, id. at 391, "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control").[5]

It would be unduly harsh to penalize Defendants to the extent of excluding their response papers--which may well result in OHI's summary judgment motion being granted as unopposed, see NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7 (1st Cir. 2002) ("it is within the district court's discretion to dismiss an action based on a party's unexcused failure to respond to a dispositive motion when

---

[5] In finding that Defendants have shown "good cause," that their delay amounts to "excusable neglect," and that the Magistrate Judge's finding with respect to the import of this Court's delay was "clearly erroneous," the Court underscores that the result of the analysis would be the same under Rule 6(b)(1)(A), Rule 6(b)(1)(B), or on review of the Magistrate Judge's order under Rule 72. In all events, the decisive fact is that the expectation that the Court would quickly issue its order on Shine's appeal of the Magistrate Judge's order granting OHI's motion to amend was material to the parties' agreement on a six-week response period.

13

such response is required by local rule, at least when the result does not clearly offend equity")--on account of a delay for which the Court bears primary responsibility. The harshness of such a result would be compounded by the fact that there has been no showing of bad faith on the part of the Defendants, and that OHI will not be, and does not even claim to be, prejudiced by the slight delay in the filing of Defendants' response papers. See 4B Charles Alan Wright & Arthur P. Miller, Federal Practice and Procedure § 1165 (citing the following factors as relevant under Rule 6(b): "the possibility of prejudice to the other parties, the length of the applicant's delay and its impact on the proceeding, the reason for the delay and whether it was within the [delayer's] control . . ., and whether the [delayer] has acted in good faith"). Accordingly, the Court will consider Defendants' response papers in deciding OHI's summary judgment motion. The response papers shall be deemed filed as of the date of entry of this order. Subsequent briefing shall follow the schedule set by the applicable rules.

III. OHI'S MOTION TO COMPEL RESPONSES TO DISCOVERY

OHI claims that Evergreen has not provided satisfactory responses to its interrogatories, and seeks an order compelling Evergreen to do so. Evergreen responds

that the interrogatories are unduly burdensome, overly broad, irrelevant, and beyond the scope of permissible discovery, and that OHI is seeking documents it already possesses. This is yet another example of the many skirmishes that have consumed the time of this Court and Magistrate Judge Martin for more than a year. The Court expects that seasoned counsel for both parties should be able to resolve this dispute. Accordingly, the Court hereby dismisses the motion to compel without prejudice.

IV. OHI'S MOTION FOR PROTECTIVE ORDER

After the rest of this omnibus order was drafted but before it was signed and entered, OHI filed a motion seeking a protective order prohibiting the discovery of information and communications from Springfield Armoury, Limited Partnership. This motion is dismissed without prejudice and counsel are directed to resolve their dispute.

V. FURTHER MOTIONS

Too much of this Court's time has been consumed with unnecessary motion practice. Accordingly, until further notice, the parties are hereby prohibited from filing any additional motions except by permission of this Court after an in-chambers conference. This prohibition does not

extend to briefing in connection with OHI's pending motion for summary judgment, nor to assented-to motions.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
U.S. District Judge
Date: April 18, 2011